**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPITKO CORP.,<br><br>         Plaintiff,<br><br>  v.<br><br>SENNHEISER ELECTRONIC SE & CO. KG; and SENNHEISER ELECTRONIC CORPORATION,<br><br>         Defendants. | Civil Action No. 1:25-cv-2704<br><br>**COMPLAINT AND**<br>**<u>JURY TRIAL DEMAND</u>**<br><br>*Electronically Filed* |

Plaintiff Spitko Corp. ("Plaintiff"), by and through its counsel, for its Complaint against Sennheiser Electronic SE & Co. KG ("Sennheiser") and Sennheiser Electronic Corporation ("Sennheiser USA") (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1. Defendants are engaged in a scheme to manipulate, fix, and control the pricing for consumer products on online marketplaces.

2. In furtherance of the scheme, Defendants engage in concerted acts of wire fraud.

3. Specifically, Defendants knowingly and deliberately submit false reports of intellectual property infringement to online platforms, including Amazon.com, in order to prevent third parties from reselling genuine products on the marketplace at competitive prices.

4. Defendants' nefarious actions cause consumers to pay more for common goods, undermine Amazon's competitive pricing policies, and intentionally caused harm to Plaintiff.

5. This action seeks redress for these tortious, defamatory, and anticompetitive activities.

## PARTIES

6. Plaintiff is a company organized and existing under the laws of the State of New York, with an address at 593 Dahill Road, Brooklyn, New York 11218.

7. On information and belief, Defendant Sennheiser is a German limited partnership and maintains a principal place of business at AM Labor 1 Wedemark Germany 30900.

8. On information and belief, Defendant Sennheiser USA is a Delaware corporation and maintains a principal place of business at 1 Enterprise Drive, Old Lyme, CT, 06371.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

10. Defendants are subject to specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

11. On information and belief, Defendant Sennheiser does business in the State of New York, sells large quantities of various products, including consumer electronics products, to customers in New York, engages distributors based in New York, maintains an interactive website accessed by residents of New York, and otherwise avails itself of the privilege of doing business in the State of New York.

12. On information and belief, Defendant Sennheiser USA does business in the State of New York, sells large quantities of various products, including glassware products, to customers in New York, engages distributors based in New York, maintains an interactive

website accessed by residents of New York, and otherwise avails itself of the privilege of doing business in the State of New York.

13. Each of the Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District, and this action arises from those activities.

14. Specifically, at all relevant times, Defendants were aware the Plaintiff resides in New York and that their illegal acts would cause harm to Plaintiff in New York. Specifically, Plaintiff's Amazon storefront identifies Plaintiff's address in New York:

**Detailed Seller Information**
Business Name: Spitko Corp
Business Address:
 593 Dahill Road
 basement level
 Brooklyn
 NY
 11218
 US

15. Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

16. On information and belief, Defendant Sennheiser is in the business of manufacturing and distributing consumer electronic products, including products sold under the Sennheiser marks ("Sennheiser Products").

17. On information and belief, Defendant Sennheiser is the owner of U.S. Trademark Registration No. 3164547 for SENNHEISER ("the Sennheiser Registration").

18. On information and belied, Defendant Sennheiser USA is a distributor of Sennheiser Products in the United States and owns an Amazon storefront through which it sells Sennheiser Products.

19. Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

20. Plaintiff resells products through an Amazon storefront.

21. Since its formation, Plaintiff has served thousands of customers through its Amazon storefront.

22. Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

**ONLINE MARKETPLACES**

23. Upon information and belief, Amazon is the world's largest online retailer.

24. According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

25. Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

26. The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

27. Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

-5-

28. Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

29. A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

30. Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

31. In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

32. Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

33. Plaintiff's Amazon storefront has amassed thousands of reviews and holds a near perfect customer rating.

34. A small sample of Plaintiff's recent reviews are shown below:

**R&H SALES**
Visit the R&H SALES storefront
★★★★★ | 99% positive in the last 12 months (322 ratings)



35.     Any harm that comes to the relationship between Plaintiff and Amazon creates potential for serious and irreparable injury to Plaintiff.

### DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

36.     On information and belief, Defendants seek to increase their profits by controlling the distribution and pricing of their products, including the Sennheiser Products, through unlawful means.

37.     As demonstrated below, Defendants have engaged in a coordinated effort to preclude select third-parties from reselling genuine Sennheiser Products on online marketplaces by false allegations of intellectual property infringement and defamation.

38.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine Sennheiser Products on Amazon.

39.     On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

40. Because Plaintiff sells only genuine products through its Amazon storefront, Defendants have no legitimate intellectual property claim(s) against Plaintiff.

41. Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell Sennheiser Products without violating the intellectual property rights or other legal rights of Defendants.

42. The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

43. It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

44. As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

45. On information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

46. On information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

47. Defendants filed complaints with Amazon that alleged that Plaintiff was selling Sennheiser Products that infringed the Sennheiser Registration.

48. Defendants knew, or should have known, that such allegations were false.

49. Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendants.

50. For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."
>
> I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

51. Once confirmed through discovery, the individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

52. On or about April 26, 2025, Plaintiff received a notice from Amazon stating:



```
Hello,

We removed some of your listings because we received a report from a
rights owner that these listings may infringe the rights owner's
trademark. The rights-owner's communication about the alleged infringement
and the listings that we removed are at the bottom of this message.

Why did this happen?
We received a report from a rights owner that one or more of your listings
are inauthentic. Listing content infringing on the intellectual property
of others is against our policies.


What happens if I do not provide the requested information?
If we do not receive the requested information, your listings will remain
inactive. We reserve the right to dispose of the inventory associated with
this violation if proof of authenticity is not provided within 60 days.
Violating this policy may also result in the loss of your seller account
or other legal consequences.

Rights owner communication: We are a manufacturer working directly with
Amazon supplying product through distribution and this seller does not
have access to genuine Sennheiser products and is selling counterfeits. We
expect Amazon to suppress their offer.
ASIN: B00IT0IHOY
Complaint ID:17636285771
Trademark asserted:3164547
Infringement type: Counterfeit
```

53. The above report relates to Sennheiser Products, which are referenced by their Amazon Standard Identification Numbers ("ASIN").

54. The Sennheiser Products identified in the above report were genuine.

55. The Sennheiser Products identified in the above report were manufactured by Defendant Sennheiser.

56. On information and belief, prior to filing the above report, Defendants knew, or should have known, that the Sennheiser Products sold by Plaintiff were not counterfeit and did not infringe the above cited Sennheiser Registration.

57. On information and belief, Defendants' allegation that the above Sennheiser Products were counterfeit was knowingly false and made in bad faith.

## DEFENDANTS REFUSE TO RETRACT THEIR FALSE REPORT TO AMAZON

58. The above false reports are part of an ongoing and continuous course of conduct by Defendants to interfere in Plaintiff's ability to resell Sennheiser Products.

59. On or about April 29, 2025, counsel for Plaintiff contacted Defendants regarding the reports and requested, either: (1) an explanation for the reports; or (2) a retraction of the reports.

60. Defendants did not respond.

## HARM TO PLAINTIFF

61. As a result of the above false rights complaints, Plaintiff's listings relating to Sennheiser Products were suspended, resulting in an immediate loss of revenue.

62. It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

63. On information and belief, Defendants were aware that complaints to Amazon, particularly those alleging trademark infringement, result in selling suspensions.

64. On information and belief, Defendants have used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

65. At no time has Plaintiff ever sold Sennheiser Products that infringed any of Defendants' intellectual property or other legal rights.

66. The Sennheiser Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

67. Defendants knowingly made false intellectual property rights complaints against Plaintiff.

68. Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing, and eliminate fair competition.

69. As a result of Defendants' false complaints, Plaintiff's performance metrics were irreparably damaged.

70. It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

71. Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

72. Defendants' false complaints have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

### COUNT I - DECLARATORY JUDGMENT
(No Trademark Infringement)

73. Plaintiff realleges and incorporates all previous paragraphs.

74. Defendants manufacture and distribute Sennheiser Products and place such products into the stream of commerce.

75. Plaintiff stocks, displays, and resells new, genuine Sennheiser Products, each bearing a true mark.

76. Defendants have submitted one or more complaints to Amazon that state that Plaintiff sold counterfeit Sennheiser Products that infringed, *inter alia*, the Sennheiser Registration.

77. The Sennheiser Products sold by Plaintiff were not counterfeit.

78. On information and belief, prior to the time that Defendants submitted their complaints to Amazon, Defendants purchased and examined the Sennheiser Product offered for sale by Plaintiff.

79. Defendants' complaints caused the suspension of Plaintiff's selling privileges as they relate to Sennheiser Products.

80. As a result of the suspension of Plaintiff's selling privileges, Plaintiff was unable to sell inventory of Sennheiser Products on the Amazon.com platform.

81. Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

82. Under these facts, an actual controversy exists between Plaintiff and Defendants.

83. Plaintiff is entitled to a declaratory judgment that it has not violated Defendants' trademark rights or other rights, whether under Federal or State law.

## COUNT II – DEFAMATION

84. Plaintiff realleges and incorporates all previous paragraphs.

85. Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's Sennheiser Products infringed the Sennheiser Registration.

86. Plaintiff did not infringe the Sennheiser Registration.

87. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Sennheiser Products.

88. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

89. Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff sells genuine products.

90. Defendants' false statements are not protected by any privilege.

91. Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers.

92. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

93. Here, Defendants published statements that Plaintiff was engaged in trademark counterfeiting.

94. Defendants' false statements constitute defamation *per se*.

95. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Sennheiser Products and damage to its relationship with Amazon and its customers.

96. Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Sennheiser Products have been suspended and Plaintiff has lost sales of Sennheiser Products and many other products.

97. Plaintiff is entitled to damages, costs, and fees as allowed by law.

98. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

### COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

99. Plaintiff realleges and incorporates all previous paragraphs.

100. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

101. Plaintiff is also in a contractual relationship with Amazon. Specifically, Plaintiff has entered into the Amazon Services Business Solutions Agreement ("BSA") with Amazon.

102. The BSA, including Paragraph S-1.2: (1) allows Plaintiff to list products for sale on the Amazon marketplace and promote the products; and (2) requires that Amazon process orders and remit payment to Plaintiff for sales.

103. At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

104. At all relevant times, Defendants were aware of the terms and conditions of Amazon's BSA and related policies, as well as the advantageous business relationship that comes with being an Amazon seller.

105. Defendants intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

106. Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon, including a breach of Paragraph S-1.2 of the BSA.

107. Defendants intended to cause Amazon to suspend Plaintiff's ability to sell Sennheiser Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

108. Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell Sennheiser Products on Amazon.

109. Defendants' accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

110. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listings of Sennheiser Products to be suspended.

111. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused the suspension of Plaintiff's selling privileges.

112. The intentions of Defendants are demonstrated by the fact that Defendants did not perform any test purchases prior to alleging that the products sold by Plaintiff were inauthentic.

113. The intentions of Defendants are demonstrated by the fact that Defendants have never offered any coherent explanation for their reports of trademark infringement.

114. Defendants' accusations were false and were made maliciously and with ill will.

115. Plaintiff has been damaged by suspension of these listings by losing revenue related to Sennheiser Products.

116. Plaintiff is entitled to damages, costs, and attorneys' fees as allowed by law.

117. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A. An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendants, including the Sennheiser Registration;

B. Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing complaints with Amazon and any other e-commerce platform.

C. Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiff;

D. An award of all damages that Plaintiff has suffered as a result of Defendants' defamation;

E. An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

F. An award of all costs and fees incurred in this Action; and

G. Such other and further relief as the Court shall find just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: May 14, 2025

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By: *s/ Mark Berkowitz*
Mark Berkowitz
1350 Broadway
New York, NY  10018
Tel.:    (212) 216-8000
Fax:    (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

***Attorneys for Plaintiff***